# UNITED STATES FEDERAL COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| REX A. SHADLE, | ) | |
|---|---|---|
| Plaintiff, | ) | Cause No.: 1:09-CV-37 |
| v. | ) | |
| FIRST FINANCIAL BANK, N.A., | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is a motion to compel, together with a request to extend the discovery deadline, filed by *pro se* Plaintiff Rex Shadle on October 8, 2009. (Docket # 22.) For the reasons set forth herein, Shadle's motion will be DENIED.

### A. BACKGROUND

Shadle, who was represented by counsel at the time, commenced this suit (originally filed as a class action) against Defendant First Financial Bank, N.A., on January 12, 2009, alleging that it wrongfully discriminated against him due to his age and marital status when it denied him a loan in violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq*.[1] (Docket # 1.) On April 22, 2009, after conducting several scheduling or status conferences, the Court established a discovery deadline of October 7, 2009. (Docket # 11, 15, 18.)

One month later, on May 18, 2009, Shadle's counsel filed a motion to withdraw, which the Court granted on May 27, 2009. (Docket # 19, 20.) In its Order granting the motion, the Court advised Shadle that "if he desires to have counsel represent him in this case he should undertake immediate efforts to have successor counsel appear within 30 days" and that if no

---

[1] On April 14, 2009, Shadle voluntarily dismissed the class claims without prejudice. (Docket # 16.)

successor counsel appeared within that time frame, it would deem that he has elected to proceed *pro se*. (Docket # 20.)

Shadle filed the instant motion on October 8, 2009, requesting that the Court compel First Financial to answer his First Set of Interrogatories and Request for Production of Documents served on September 22, 2009. (Docket # 22.) First Financial opposes his motion, arguing that Shadle's discovery request was untimely given the October 7th deadline for the completion of all discovery, and that he has not shown good cause to warrant an extension. (Docket # 26.) A hearing was held on the motion on November 5, 2009, and the motion is now fully briefed. (Docket # 29, 30.)

## B. DISCUSSION

### 1. Shadle's Motion to Compel

"Although Federal Rule of Civil Procedure 37 permits the court to compel discovery, the party seeking such discovery must first direct his request to the opposing party before court intervention is appropriate." *Johnson v. Pollard*, No. 08-C-297, 2009 WL 224040, at *1 (E.D. Wis. Jan. 29, 2009). Here, Shadle served his discovery request on September 22, 2009, creating a response date for First Financial several weeks after the October 7, 2009, discovery deadline for the completion of all discovery. *See* Fed. R. Civ. P. 16 (explaining that a scheduling order must limit the time "to *complete* discovery") (emphasis added), 33 (stating that the responding party must serve its answers and any objections to interrogatories within 30 days after being served with such interrogatories), 34 (stating that the responding party must respond to a document request within 30 days after being served with such request); N.D. Ind. L.R. 16.1(d)(5) (requiring counsel to express at the pretrial conference the "time reasonably required for the

*completion* of discovery") (emphasis added).

It is clear that Shadle served his discovery request "so late in the discovery period that [First Financial's] refusal to respond was justified." *Sallis v. Aurora Health Care*, No. 07C1091, 2009 WL 398138, at *2 (E.D. Wis. Feb. 18, 2009). "It is also clear that even though [P]laintiff is *pro se*, [he] should have known that [he] needed to serve [his] discovery requests at least thirty days prior to the close of discovery." *Id*. (italicization added); *see Westbrook v. Archey*, No. 1:05-CV-00057, 2006 WL 545008, at *1 (N.D. Ind. Mar. 3, 2006) (holding that defendants had no obligation to answer interrogatories served on the eve of the discovery deadline by *pro se* plaintiff); *Shroyer v. Vaughn*, No. 1:00-CV-256, 2002 WL 32144316, at *1 (N.D. Ind. July 10, 2002) (denying discovery as untimely where it was served by *pro se* plaintiff just before the discovery deadline and called for responses after the close of discovery). Indeed, "[t]he scheduling order, which Shadle concedes he read, clearly stated that discovery had to be *served* by a date sufficiently early so that all discovery would be *completed* no later than [October 7, 2009]." *Id*.; (*see* Docket # 17). Therefore, Shadle's motion to compel must be DENIED.

## 2. Shadle's Request to Extend the Discovery Deadline

Nonetheless, Federal Rule of Civil Procedure 16(b)(4) provides that the Court may modify a scheduling order if the party seeking modification shows good cause. *See United States v. 1948 S. Martin Luther King Drive*, 270 F.3d 1102, 1110 (7th Cir. 2001); *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). The good cause standard focuses on the diligence of the party seeking the extension. *Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997); *Tschantz*, 160 F.R.D. at 571. In other words, to demonstrate good cause, a party must show that despite its diligence, the time table could not

reasonably have been met. *Smith*, 1997 WL 662506, at *1; *Tschantz*, 160 F.R.D. at 571.

Here, Shadle cites his difficulty in securing successor counsel as good cause to extend the discovery period. However, Shadle has had over four months, that is, since mid-May, to locate successor counsel, which is more than sufficient time to do so. Moreover, Shadle admitted that he rejected at least one possible successor counsel because he "would not agree to the [counsel's] proposed terms" (Reply Br. 1), and admitted at the hearing that he was no closer to locating suitable counsel. This explanation falls short of establishing good cause to extend the discovery period. *See, e.g.*, *McDonald v. Gonzales*, No. 7:05-CV-55, 2007 WL 1526414, at *2 (N.D.N.Y. May 23, 2007) (declining to find good cause for an extension to a deadline where plaintiff's request was based, at least in part, on the absence of representation).

In addition, Shadle indicates that he did not serve the discovery earlier because he thought he had until October 7, 2009, to *serve* discovery, rather than *complete* discovery. Thus, he is, in essence, attempting to "show excusable neglect for failing to comply with the discovery deadline" due to his misunderstanding of the nature of the deadline. *See* Fed. R. Civ. P. 6(b)(2); *Roach v. Pedigo Holdings, Inc*., No. 1:04CV1746RLYTAB, 2005 WL 2253590, at *1 (S.D. Ind. Sept. 9, 2005) (citing *Brosted v. Unum Life Ins. Co. of America*, 421 F.3d 459 (7th Cir. 2005)); *see also Jones v. Dyer Nursing & Rehab. Ctr*., No. 2:04-CV-508-PRC, 2006 WL 1722361, at *2 (N.D. Ind. June 26, 1996) ("Excusable neglect" can include "omissions through carelessness and mistake" and also "situations in which the failure to comply with a filing deadline is attributable to negligence." (citing *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 358 (7th Cir. 1997)).

Shadle's request for relief due to his own confusion while proceeding *pro se*, however, is insufficient to entitle him to relief. *See, e.g.*, *Barnes v. City of Chicago*, No. 98 C 5590, 2000 WL

4

1745180, at *4 (N.D. Ill. Nov. 27, 2000). The Report of the Parties' Planning Meeting specifically states that discovery must be served so that responses are due by October 7, 2009 (Docket # 17); thus, on this record Shadle's construction of the deadline is simply not plausible. *See Cange v. Stotler & Co.*, 913 F.2d 1204, 1212 (7th Cir. 1990) ("A simple miscalculation, rather than a plausible misconstruction of the law or rules, does not establish excusable neglect."). "Even pro se litigants must follow court rules and obey court-imposed deadlines." *Sallis*, 2009 WL 398138, at *2 (citing *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994)). "A good judge sets deadlines, and the judge has a right to assume that the deadlines will be honored." *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996).

Therefore, Shadle's motion to compel, which effectively requests an extension of the discovery deadline, will be DENIED.

### C. CONCLUSION

For the reasons stated herein, Plaintiff's motion to compel and request to extend the discovery deadline (Docket # 22) is DENIED.

SO ORDERED.

Enter for the 10th day of November, 2009.

S/Roger B. Cosbey<br>
Roger B. Cosbey,<br>
United States Magistrate Judge